UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FMC TECHNOLOGIES, INC., successor-in-interest to DESIGN SYSTEMS, INC., and STEIN, INC., d/b/a STEIN-DSI,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES EDWARDS and PROCESSING EQUIPMENT SOLUTIONS, INC.,<br><br>    Defendants. | CASE NO. C05-946C<br><br>ORDER |

This matter comes before the Court on Plaintiff's Motion For a Temporary Restraining Order and Order Authorizing Ex Parte Writ of Seizure (Dkt. No. 2). The Court has considered the papers submitted by the Plaintiff, and found that oral argument is not necessary. The Court hereby finds and rules as follows.

Plaintiff FMC Technologies, Inc. ("FMC"), the successor in interest to Design Systems, Inc. ("DSI"), and Defendants James Edwards and Processing Equipment Solutions, Inc. ("PES") are no strangers to litigation. FMC originally filed suit against Defendants Edwards and PES, and another individual, Darren Wattles, in King County Superior Court for, *inter alia*, misappropriation of trade secrets. This claim was based on an allegation that these defendants stole comprehensive drawings of

ORDER – 1

DSI's portioner[1] parts. However, when the defendants swore under oath that they did not have any of DSI's drawings, the parties chose to settle the suit. Apparently experiencing a change of heart, Darren Wattles has since approached FMC and now swears under oath that he did, in fact, download the drawings at issue and deliver them to James Edwards. In light of this new attestation, FMC now moves the Court for a TRO enjoining Defendants from hiding, destroying, etc., business records concerning all aspects of Defendants' portioner business, including DSI's mechanical drawings of its portioner. FMC also moves for an ex parte Writ of Seizure, which would direct the U.S. Marshals to search Defendants' business premises for all drawings of portioner equipment and parts, including a search of the hard drives of the computers on the premises.

Fed. R. Civ. P. 65(b) allows a court to issue an ex parte temporary restraining order ("TRO") only if the movant demonstrates immediate and irreparable harm and certifies its attempts to notify the opposing party of its intent to seek a TRO or provides reasons why notice should not be required.[2] In deciding whether to issue a TRO, courts generally look to the following four factors: (1) likelihood of success on the merits; (2) threat of irreparable harm to the plaintiff if the injunction is not imposed; (3) the relative balance of harm to the plaintiff and harm to the defendant; and (4) the public interest. *Alaska v. Native Village of Venetie*, 856 F.2d 1384, 1388 (9th Cir. 1988). Within the Ninth Circuit, courts have condensed these factors into a two-prong test such that "the moving party must show either (1) a

---

[1] Portioners are cutting equipment that use high pressure water jets to cut poultry, red meat, and fish into equal weight portions for resale at the wholesale retail level.

[2] Fed. R. Civ. P. 65(b) provides as follows:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

ORDER – 2

combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor." *Dumas v. Gommerman*, 865 F.2d 1093, 1095 (9th Cir. 1989). Rather than treat these two prongs as distinct standards, the court should construe them as "opposite ends of a single continuum in which the required showing of harm varies inversely with the required showing of meritoriousness." *Rodeo Collection, Ltd. v. West Seventh*, 812 F.2d 1215, 1217 (9th Cir. 1987) (internal citation omitted).

The Court finds that Plaintiff has not made the requisite showing of immediate and irreparable harm to warrant an ex parte TRO and writ of seizure. While on its face it may appear that Plaintiff's likelihood of success on the merits is high, this likelihood is based on the declaration of a witness, Mr. Wattles, whose credibility has not been established and can reasonably be questioned since he has now given two contradictory statements under oath. Moreover, much of the harm that Plaintiff alleges is simply economic harm: using DSI's drawings is providing PES with a competitive advantage in manufacturing replacement parts because PES does not have to go through the expensive and time-consuming process of reverse engineering drawings of their own. This type of harm is neither immediate nor irreparable and certainly does not warrant an ex parte TRO to prevent it from happening.

The non-economic harm Plaintiff describes amounts to the inability to successfully prosecute its case due to Defendants' alleged willingness to destroy or conceal evidence. Again this allegation is based on the declaration of Mr. Wattles, whose credibility is reasonably in question. Yet, even assuming for purposes of this Order that Defendant Edwards were to destroy the drawings at issue, it is also possible that, with the help of Mr. Wattles as a witness, Plaintiff will be able to establish through circumstantial evidence that Defendants misappropriated trade secrets. Although proof that Defendants are actually in possession of the drawings may be preferable, it may not be necessary to Plaintiff's successful establishment of its claims.

Furthermore, the relief Plaintiff seeks is highly invasive of Defendants' privacy and there is a substantial risk that Defendants' privileged and confidential information would be revealed. This tips the

ORDER – 3

1 relative balance of harm in favor of the Defendants.  The Court is unwilling to order the requested search
2 and seizure on the record now before it.
3       While Plaintiff has raised serious questions on the merits of its claims, the balance of hardships
4 does not tip in Plaintiff's favor.  Plaintiff's Motion for a Temporary Restraining Order and Writ of
5 Seizure is hereby DENIED.
6       SO ORDERED this   1st   day of June, 2005.

                                                         /s/ John C. Coughenour
                                                   UNITED STATES DISTRICT JUDGE

26 ORDER – 4