The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FMC TECHNOLOGIES, INC., successor-in-interest to DESIGN SYSTEMS, INC., and STEIN, INC., d/b/a STEIN-DSI,<br><br>Plaintiff,<br><br>v.<br><br>JAMES EDWARDS and PROCESSING EQUIPMENT SOLUTIONS, INC.,<br><br>Defendants. | CASE NO. C05-0946-JCC<br><br>STIPULATION AND PROTECTIVE ORDER |

Pursuant to stipulation of counsel, and Fed. R. Civ. P. 26(c); it is hereby ORDERED, as follows:

1. Except as otherwise ordered by this Court, this Order shall apply to all documents, interrogatories, testimony, information and pleadings produced, given or filed in this action which are designated by a party, including any third party, as "CONFIDENTIAL INFORMATION" in accordance with the terms hereof.

2. Any party, including third parties, may designate as "CONFIDENTIAL INFORMATION" pursuant to the terms of this Order:

    (a) Information contained in a document, answer to interrogatory, answer to request for admission, response to request for production of documents,

STIPULATION AND PROTECTIVE ORDER - 1
CASE NO. C05-0946-JCC

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

subpoena, or other writing may be designated by stamping or otherwise marking (in such a manner as will not interfere with the legibility of the document) the first page of the document containing confidential information with an appropriate notation substantially in the form:

"CONFIDENTIAL INFORMATION" or "CONFIDENTIAL"

Unless a party intends to designate all of the information contained within the document as "CONFIDENTIAL INFORMATION," the party should indicate in a clear fashion that portion of the document which the party intends to designate as containing "CONFIDENTIAL INFORMATION." In any court filing or written discovery response, the supplying party shall note on the cover page of the document that all or a portion of the document contains "CONFIDENTIAL INFORMATION" designated pursuant to this Order and shall furnish such information to the Clerk under seal pursuant to Paragraph (6) hereof.

(b) Information contained or revealed in a deposition whether in a question, answer or exhibit, may be designated by noting a claim of confidentiality pursuant to this Order on the record at the time of the depositions, whenever reasonably possible. The confidential portion shall be identified as such in the caption or title of the transcript and on each page, as CONFIDENTIAL. The claimant of confidentiality or the person obligated to maintain and protect confidentiality under this Order shall, on the record, advise all persons present at the deposition that the information is confidential and is subject to a Protective Order governing its use. Before the disclosure of previously designated CONFIDENTIAL INFORMATION in a deposition, all persons who have not theretofore been made subject to this Order shall be given a copy of this Order and shall acknowledge on the record of such deposition that he or she has read the Order and agrees to be bound by its terms. When the claim of confidentiality is not made in advance of disclosure or at the time of the deposition, it may be made within a reasonable time thereafter, at which point the designated material shall be accorded confidential treatment pursuant to this Order and counsel for the party making the claim of confidentiality shall ensure that the preceding provisions of this subparagraph concerning the transcription and identification of confidential material are complied with.

3. The following types of information, if discoverable because such information is necessary or essential to any claims or defenses in the action, shall be regarded as "CONFIDENTIAL INFORMATION":

(a) To the extent discoverable, the names and addresses of the parties' customers, as well as any other information about such customers, including an analysis of their buying or purchasing habits, requirements, specifications, needs, or payment methods. This category shall not include the price of goods and services paid by customers, which shall be

STIPULATION AND PROTECTIVE ORDER - 2
CASE NO. C05-0946-JCC

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY and deemed included within Paragraph 4 below.

(b) To the extent discoverable, any proprietary business methods, plans, systems, or procedures used by the parties in the management and operation of their business, including any proprietary information, methods, systems, know-how, or trade secrets.

(c) To the extent discoverable, any information about, concerning, or pertaining to any party's marketing or advertising plans.

(d) To the extent discoverable, any document that a party, including any third party, designates as "CONFIDENTIAL INFORMATION" subject to the right of a party to challenge such CONFIDENTIAL INFORMATION designation pursuant to paragraph 10 of this Order.

4. Any party, including third parties, may designate the information listed below as well information containing the price either party paid for goods or services as "CONFIDENTIAL INFORMATION ATTORNEYS' EYES ONLY." In such event, then the information shall be made available only to individuals within the categories set forth in Sections 7(b) through 7(e) below. Provided, however, that any use of information that is CONFIDENTIAL INFORMATION ATTORNEYS' EYES ONLY in the context of Sections 7(e) shall be only for the duration of the deposition or trial, as applicable, and in the presence of opposing counsel.

(a) In the event that a party reasonably believes that a party has improperly designated a document "CONFIDENTIAL INFORMATION ATTORNEYS' EYES ONLY" outside the scope of this Order, then the party shall change that designation pursuant to the dispute resolution process for "CONFIDENTIAL INFORMATION" set forth in paragraph 11 herein.

(b) To the extent discoverable, any confidential or trade secret information relating to the design, engineering, manufacture, sales, installation, maintenance and service of the parties' equipment, systems software, parts, products and services.

(c) To the extent discoverable, any information about, concerning, or pertaining to any party's assessment of the market, its competition, its plans or strategies for meeting competition, its prospective clients or customers, or any budget or other information about its current, or planned or expected revenue, pricing policies, or costs of operation.

STIPULATION AND PROTECTIVE ORDER - 3
CASE NO. C05-0946-JCC

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

     (d)    In all other respects, documents that are designated "CONFIDENTIAL INFORMATION ATTORNEYS' EYES ONLY" shall be treated the same as documents that are designated "CONFIDENTIAL INFORMATION" pursuant to this Order

5. "CONFIDENTIAL INFORMATION" subject to this Order shall be used solely and exclusively for purposes of this case in accordance with the provisions of this Order. Such information shall not be used in or for other cases, proceedings, or disputes, or for any personal, commercial, business, competitive, or other purpose whatever. It is the responsibility of counsel for each party to this action to maintain materials containing CONFIDENTIAL INFORMATION obtained from a party in a secure and appropriate manner so as to allow access to CONFIDENTIAL INFORMATION only to such persons as permitted pursuant to Paragraphs 7, 8 and 9 of this Order.

6. To the extent that CONFIDENTIAL INFORMATION is contained in or attached to materials filed with the Court, such materials shall be filed under seal and shall be maintained in a secure, segregated facility. No one, other than the Court, its agent and employees, and persons authorized by this Order or any subsequent order of the Court or agreement of the parties, shall have access to such sealed materials.

7. Except with the prior written consent of the party asserting confidential treatment or prior Order of Court, after notice as provided hereunder, any CONFIDENTIAL INFORMATION, and any information contained in, or derived from, any such information, may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than:

     (a)    No more than three (3) employees of each party, solely for the purpose of the prosecution, defense, and/or appeal of this action, provided that the requirements of paragraph 8 are met. Counsel shall disclose, in writing, the three (3) employees designated. The three identified employees of each party cannot be changed during the pendency of the litigation unless their employment terminates, in which case they may be replaced by another employee of the relevant party.

     (b)    Counsel for the parties, including in-house counsel, counsel for any insurer, indemnitor, indemnitee, or other counsel in which the

STIPULATION AND PROTECTIVE ORDER - 4
CASE NO. C05-0946-JCC

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

         communication is privileged.  Counsel, as used in this Protective Order, shall include partners, associates, paralegals, and secretarial and clerical employees of such counsel who have a need to know CONFIDENTIAL INFORMATION for purposes of this litigation only, and who shall be required to abide by the terms of this Protective Order.

      (c)    Independent experts who have agreed to be bound by the terms of this Protective Order.  For purposes of this Protective Order, "independent experts" may include independent contractors of the respective parties.

      (d)    The Court and Court Personnel under such safeguards as the Court may direct so as to preserve and protect the confidentiality of information designated by any party and to prevent harm to any party.

      (e)    Any deposition or trial witnesses and their counsel of record, but only to the extent that such CONFIDENTIAL INFORMATION was written by or to such witness, refers to such witness or his employer, and where counsel believes in good faith that disclosure is necessary in connection with the examination or preparation of such witnesses.

ALL PERSONS TO WHOM CONFIDENTIAL INFORMATION AND/OR DOCUMENTS ARE DISCLOSED ARE HEREBY ENJOINED from using same except in the preparation for trial and trial of this action (under such safeguards as the Court may require) and from disclosing same to any other person except as provided herein.  No person receiving or reviewing such CONFIDENTIAL INFORMATION shall disclose it or its contents to any person other than those described in this paragraph and for the purposes specified and in no event shall such person make any other use of such document or transcript.

      8.    Any person who is given access to Confidential Information pursuant to paragraph 7 shall, prior to being given any such material, be informed of the provisions of this Order, read this Order, and execute a sworn declaration, in the form annexed hereto as Exhibit A, indicating that he or she has read this Order and will abide by its terms.  The original of such sworn statements shall be retained by counsel for each party who intends to or does provide such persons any such material, until the conclusion of this action, including any appeals.  Counsel for each party also shall serve a copy of such declarations upon counsel for each other party promptly after signature.  The parties agree not to use these declarations for any purpose other

STIPULATION AND PROTECTIVE ORDER - 5
CASE NO. C05-0946-JCC

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

than monitoring and enforcing compliance with this Order. The parties further agree to treat the declarations as "Confidential" material within the meaning of this Order.

9. If a producing party desires to obtain confidentiality protections other than those provided by this Order with respect to specific information or categories of information, it shall advise the obtaining party of the protections desired and the information to which the same shall be applicable. If the parties fail to agree concerning the confidential treatment sought, after conferring in good faith with respect thereto, then the parties shall proceed in accordance with Paragraphs 11 or 12 of this Order and the subject information shall be produced in accordance with the Order of Court resulting from such procedures.

10. Any party shall be free to move to modify this Order.

11. Any party who wishes to challenge another party's designation of information as "CONFIDENTIAL INFORMATION" may proceed as follows:

    (a) Counsel for such parties shall confer in a good faith effort to resolve by agreement any differences as to the use or designation of information as "CONFIDENTIAL INFORMATION";

    (b) Failing agreement of the parties, the objecting party may file an appropriate motion with the Court with respect to the information in question and shall:

        (i) Certify that he or she has sought in good faith to confer with opposing counsel and has been unable to resolve the dispute by agreement;

        (ii) Identify by category or document number the information as to which relief is sought; and

        (iii) Identify the reasons why such information is not or should not be treated as CONFIDENTIAL INFORMATION pursuant to the terms of this Order.

    (c) Within seven business days, the party designating such information as CONFIDENTIAL shall respond to the motion by:

        (i) Showing with particularity with respect to each challenged item of confidential information the reasons why such information has been properly designated as "CONFIDENTIAL INFORMATION"; and

STIPULATION AND PROTECTIVE ORDER - 6
CASE NO. C05-0946-JCC

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

        (ii)      Showing why the further disclosure or use of the particular information might result in harm or injury to the designating party.

        (d)      If a response is timely made as provided in Paragraph 11(c), until the application for modification with respect to specific "CONFIDENTIAL INFORMATION" is ruled upon by the Court, the designation of confidentiality shall remain in full force and effect and the information shall continue to be accorded the treatment required by this Order.

12. A failure to challenge the propriety of a designation of confidentiality at the time the designation is made shall not preclude or detract from a subsequent challenge thereto for the purposes of preventing further disclosure.

13. All materials containing CONFIDENTIAL INFORMATION that are submitted to the Court or used in any pretrial proceeding before this Court shall remain confidential and shall be accorded in camera treatment.

14. Within ten (10) days after the conclusion of this case, including any appellate proceedings, all confidential materials obtained (including copies thereof) shall be destroyed or returned to the producing party, at the election of the opposing party. All notes, drafts, memoranda, work papers and other materials that contain confidential information obtained from a party (whether prepared by outside counsel, in-house attorneys, or other persons specified in this Order), may be destroyed or retained by outside counsel for the obtaining party, and, if so retained, shall be preserved as confidential in accordance with the terms of this Order. Compliance with this paragraph shall be confirmed in an affidavit.

15. The inadvertent or unintentional disclosure of confidential information shall not be construed to be a waiver, in whole or in part, of:

        (a)      The supplying party's claims of confidentiality either as to the specific information disclosed or as to any other information relating thereto;

        (b)      The obtaining party claims of confidentiality for its information pursuant to this Order.

STIPULATION AND PROTECTIVE ORDER - 7
CASE NO. C05-0946-JCC

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

16. A breach of the provisions of this Protective Order shall be subject to sanctions, in the discretion of the Court, as authorized by any statute, rule or inherent power of the Court, or as otherwise provided by law.

17. The provisions of this Order shall survive and remain in full force and effect after the entry of final judgment (including any appellate proceedings) in this case, whether by settlement or litigation.

18. The agreement of the parties embodied in this Order does not constitute an admission or agreement that any document or information is subject to discovery, or is admissible as evidence, in this case. Designation of any information as subject to this Order shall have no meaning or effect whatsoever with respect to the substantive issues in this proceeding or the claims or defenses of any party hereto.

19. This Court retains jurisdiction, both before and after the entry of final judgment in this case (whether by settlement or litigation), to construe, enforce and amend the provisions of this order. The treatment of confidential information to be introduced at trial shall be the subject of a later order.

20. This Protective Order is entirely without prejudice to the rights of any nonparty to apply to the Court for any further Protective Order relating to any CONFIDENTIAL INFORMATION, or for an order permitting the disclosure of any CONFIDENTIAL INFORMATION.

DATED this 29th day of November, 2005.

_____
THE HONORABLE JOHN C. COUGHENOUR
UNITED STATES DISTRICT COURT JUDGE

STIPULATION AND PROTECTIVE ORDER - 8
CASE NO. C05-0946-JCC

Summit Law Group PLLC
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Presented by:

SUMMIT LAW GROUP PLLC
Attorneys for Plaintiff


By /s/ Elizabeth R. Kennar
    Elizabeth R. Kennar, WSBA #25432
    *bethk@summitlaw.com*
    Philip S. McCune, WSBA #21081
    *philm@summitlaw.com*
    Ralph H. Palumbo, WSBA #04751
    *ralphp@summitlaw.com*

NEWMAN & NEWMAN, LLP
Attorneys for Defendants


By /s/ Roger M. Townsend
    Derek A. Newman, WSBA #26967
    *derek@newmanlaw.com*
    Roger M. Townsend, WSBA #25525
    *roger@newmanlaw.com*

STIPULATION AND PROTECTIVE ORDER - 9
CASE NO. C05-0946-JCC

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

EXHIBIT A

The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FMC TECHNOLOGIES, INC., successor-in-interest to DESIGN SYSTEMS, INC., and STEIN, INC., d/b/a STEIN-DSI,<br><br>Plaintiff,<br><br>v.<br><br>JAMES EDWARDS and PROCESSING EQUIPMENT SOLUTIONS, INC.,<br><br>Defendants. | CASE NO. C05-0946-JCC<br><br>DECLARATION |

I have read the Protective Order entered in this litigation, understand its contents, and hereby undertake to make no disclosures of "Confidential" discovery material to any person who is not permitted to have access to "Confidential" discovery material pursuant to the Protective Order. In addition, I agree not to use "Confidential" discovery material for any purpose whatsoever other than in connection with this litigation. I understand that a violation of this Undertaking could be punishable as a contempt of Court and hereby submit to the jurisdiction of the Court for purposes of enforcement of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Date _____     Signature _____

                                          Print Name _____