UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FMC TECHNOLOGIES, INC., and FMC FOODTECH, INC., successors-in-interest to DESIGN SYSTEMS, INC. and STEIN, INC., d/b/a STEIN-DSI,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES EDWARDS and PROCESSING EQUIPMENT SOLUTIONS, INC.,<br><br>Defendants. | CASE NO. C05-946C<br><br>ORDER |

This matter comes before the Court on Defendants' Motion to Certify Question to Washington Supreme Court and Stay this Action (Dkt. No. 43) ("Defs.' Mot."), Plaintiffs' Response in opposition thereto (Dkt. No. 47) ("Pls.' Opp'n"), and Defendants' Reply in Support of their motion (Dkt. No. 51) ("Defs.' Reply").  Having considered the papers submitted by the parties and finding oral argument unnecessary, the Court DENIES Defendants' motion for the following reasons.

I. BACKGROUND

Plaintiffs originally filed suit against Defendant Edwards and another individual, Darren Wattles, the founders of Defendant Processing Equipment Solutions, Inc., in King County Superior Court ("FMC

ORDER – 1

I") for, *inter alia*, misappropriation of trade secrets. This claim was based on an allegation that these defendants stole comprehensive drawings of Plaintiffs' portioner[1] parts. However, when the FMC I defendants swore under oath that they did not have any of Plaintiffs' drawings and failed to produce any drawings during discovery, the parties chose to settle the state court suit. Apparently experiencing a change of heart, Darren Wattles later approached FMC and disclosed that he had, in fact, downloaded the drawings at issue and delivered them to James Edwards. In light of this new information, Plaintiffs brought suit again, this time in federal court, invoking diversity jurisdiction. (*See* First Amended Complaint (Dkt. No. 19).) Plaintiffs' instant suit seeks relief under two alternative theories. Count One seeks to affirm the Settlement Agreement and obtain relief for fraud, conversion, unjust enrichment, and breach. Count Two, in the alternative, seeks total rescission of the Settlement Agreement and relief based on the original causes of action brought in FMC I.

Shortly after Plaintiffs filed their First Amended Complaint in this matter, Defendants moved to dismiss most of Plaintiffs' claims. This Court granted in part and denied in part that motion, declining to dismiss all but one of Plaintiffs' claims and granting Plaintiffs leave to amend their complaint (Order (Dkt. No. 42)), which Plaintiffs later did (*see* Second Amended Complaint (Dkt. No. 63)). In ruling on the motion to dismiss, the Court declined to dismiss Plaintiffs' fraud claims[2] on failure-to-state-a-claim grounds, because there exists a lack of clarity under Washington law as to what rules should govern this particular case, and thus whether Plaintiffs have presented fraud claims cognizable under applicable law. (Order 6.) This case involves determining the validity of a release and settlement allegedly obtained through fraud, which settled an underlying case that also had alleged dishonest conduct. In finding

---

[1] Portioners are cutting equipment that use high pressure water jets to cut poultry, red meat, and fish into equal weight portions for resale at the wholesale retail level.

[2] The relevant fraud claims set forth in Plaintiffs' First Amended Complaint included: Count One, causes of action (1) common law fraudulent misrepresentation; (2) common law fraudulent statement of intent, and (4) reformation of contract based on fraud; and Count Two, cause of action (1) rescission due to fraud.

ORDER – 2

Washington law unclear as to whether such a claim is allowed, the Court noted that further factual development would aid the Court in determining how to characterize Defendants' conduct underlying the fraud claims and which specific rules of law to apply to those facts. (*Id.* at 7.)

Based on this ruling, Defendants now seek to have the following question certified to the Supreme Court of Washington:

> Whether a plaintiff may rescind a settlement agreement and general release of claims, and reassert claims settled and dismissed with prejudice, based on the theory that the defendants testified falsely in deposition testimony and submitted false discovery responses upon which the plaintiff alleges that it relied.

(Defs.' Reply 2.) Defendants also seek a stay of all proceedings in this Court pending a ruling by the Supreme Court of Washington on this question. (Defs.' Mot. 4–7.) Plaintiffs oppose certification and a stay, arguing that the issue proposed for certification will only resolve some of the claims in the present action and that further factual development in this proceeding will allow this Court to apply settled principles of Washington law to this case even though Washington courts have not ruled on their specific type of case. (Pl.'s Opp'n 2–11.)

**II. ANALYSIS**

The standard for certification of a question is codified as follows:

> When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

WASH. REV. CODE § 2.60.020. The United States Supreme Court has explained that "mere difficulty in ascertaining local law is no excuse for remitting the parties to a state tribunal for the start of another lawsuit." *Lehman Bros. v. Schein*, 416 U.S. 386, 390 (1974). Further, the existence of "doubt as to local law" does not make certification "obligatory." *Id.* at 390–91. Rather, the use of a certification process "in a given cases rests in the sound discretion of the federal court." *Id.* at 391. The Ninth Circuit has noted:

ORDER – 3

> Federal courts are not precluded from affording relief simply because neither the state Supreme Court nor the state legislature has enunciated a clear rule governing a particular type of controversy. Were we able to invoke only clearly established state law, litigants seeking to protect their rights in federal courts by availing themselves of our diversity jurisdiction would face an inhospitable forum for claims not identical to those resolved in prior cases.

*Paul v. Watchtower Bible & Tract Soc'y*, 819 F.2d 875, 879 (9th Cir. 1987). Nevertheless, a federal court has "an obligation to consider whether novel state-law questions should be certified." *Parents Involved in Cmty. Schs. v. Seattle Sch. Dist., No. 1*, 294 F.3d 1085, 1086 (9th Cir. 2002).

In the instant case, Plaintiffs have emphasized that the broad "principles of the law of fraud and contract interpretation are well established in Washington and Washington cases provide more than adequate guidance for the Court to apply those principles to the facts of this case—once those facts are sufficiently developed as the Order stated they need to be." (Pl.'s Opp'n 4.) Defendants counter that fact-specific questions of law are routinely certified, even where a federal court could extrapolate from broader settled law to find a likely rule that has not been so well-settled. (Defs.' Reply 4–5.)

While the Court has acknowledged that there is no Washington law speaking to the exact factual and procedural posture of the instant case, the Court finds that various factors tending to favor certification, such as a federal court attempting to divine "distant" state law as an "'outsider[]' lacking the common exposure to local law which comes from sitting in the jurisdiction," *Lehman Bros.*, 416 U.S. at 391, or the task of interpreting state statutory language, *see, e.g., Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997); *Parents Involved in Cmty. Schs.*, 294 F.3d 1085, are not present in the instant case. Here, a federal court sitting in Washington will be called upon to apply Washington contract law to a dispute about the validity of a settlement contract. Further, given that the Court clearly stated in its Order on the motion to dismiss that additional factual development would aid the Court in determining what rules of law to apply to the instant case, the Court finds certification unnecessary. The nature of the early-stage 12(b)(6) motion—combined with the limited amount of discovery that had been completed at the time the Court was called upon to address the viability of Plaintiffs' claims—significantly influenced

ORDER – 4

1  the Court's decision to reserve judgment on the legal contours of Plaintiff's fraud claims. Sending the
2  parties to state court to conduct discovery is not the proper means to develop a record in this case or to
3  resolve the disputed issues of law. Nor is the Court likely to be unable to determine the relevant issues of
4  law on a more developed factual record, after discovery has been completed in this case.

### III. CONCLUSION

For the reasons set forth above, Defendants' motion is DENIED. Because the Court declines to certify a question to the Supreme Court of Washington, Defendants' request for a stay of proceedings is DENIED as MOOT.

SO ORDERED this 2nd day of March, 2006.

*/s/ John C. Coughenour*

John C. Coughenour

United States District Judge

ORDER – 5