UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FMC TECHNOLOGIES, INC., and FMC
FOODTECH, INC., successors-in-interest to
DESIGN SYSTEMS, INC. and STEIN, INC.,
d/b/a STEIN-DSI,

        Plaintiffs,

    v.

JAMES EDWARDS and PROCESSING
EQUIPMENT SOLUTIONS, INC.,

        Defendants.

CASE NO. C05-946C

ORDER

      This matter comes before the Court on (1) Plaintiffs' Motion To Compel (Dkt. No. 68); (2) Plaintiffs' Motion for Leave To Take more than Ten Depositions (Dkt. No. 88); (3) Plaintiffs' Motion To Compel Inspection (Dkt. No. 85); and (4) Defendants' Motion To Compel Discovery (Dkt. No. 106). Having considered the papers submitted by the parties on all four of these motions and finding oral argument unnecessary, the Court finds and rules as follows.

**I. BACKGROUND**

      The facts of this case are outlined in numerous Orders of this Court (*see, e.g.*, Orders (Dkt. Nos. 42, 109, 113)). Plaintiffs originally sued Defendant Edwards and another individual, Darren Wattles in

ORDER – 1

state court ("FMC I"), alleging that they had stolen comprehensive drawings of Plaintiffs' meat-portioner parts. After those defendants swore under oath that they did not have any of Plaintiffs' drawings and failed to produce any drawings during discovery, the parties chose to settle the state court suit. FMC I defendant Darren Wattles later approached FMC and disclosed that he had, in fact, downloaded the drawings at issue and delivered them to James Edwards. In light of this new information, Plaintiffs brought suit again, this time in federal court, suing Defendant Edwards and the company that he and Darren Wattles had founded, Processing Equipment Solutions. Plaintiffs' instant suit seeks either (1) to affirm the FMC I Settlement Agreement and obtain relief for fraud, conversion, unjust enrichment, and breach; or (2) total rescission of the FMC I Settlement Agreement and relief based on the original causes of action brought in FMC I. In the instant suit, a central factual dispute is whether the FMC I defendants lied during FMC I discovery; a central legal dispute is the effect of such conduct if it occurred.

## II. ANALYSIS

At the outset, the Court finds that the parties have satisfied the meet-and-confer requirement of Federal Rule of Civil Procedure 37(a)(2) as to all issues resolved below.

### A. Plaintiffs' Motion To Compel

Plaintiffs seek to compel three categories of discovery in this motion: (1) tax returns and financial information, (2) portioner-related documents, software, advertising, and marketing materials, and (3) an additional Federal Rule of Civil Procedure 30(b)(6) (organizational) deposition.

As to the tax returns and financial information, Plaintiffs' request is moot because Defendants have produced all of the requested documents. Thus, the Court need not address relevancy or privilege arguments. Nevertheless, Plaintiffs seek an order requiring Defendants to "certify" that all financial and tax documents requested have been produced. The Court finds that ordering a certification would be superfluous. Federal Rule of Civil Procedure 26(g) already requires signatures, which "constitute[] a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the disclosure is complete and correct as of the time it is made." FED. R. CIV. P. 26(g)(1); *see*

ORDER – 2

1   *also id*. R. 26(g)(2) (similar language regarding discovery requests, responses, and objections).

2   Furthermore, failure to properly respond to discovery requests is sanctionable under the Federal Rules.

3   FED. R. CIV. P. 37(c).  The Court reminds the parties that this Court may sanction dishonest discovery

4   practices in a variety of ways, including excluding evidence, striking claims, and informing the jury of

5   discovery behavior.  Plaintiffs' request for a certification order is DENIED.

6       Plaintiffs' second request in this motion is for portioner-related documents, software, advertising,

7   and marketing materials, which Plaintiffs maintain are necessary to analyze and prove their claims that

8   Defendants stole Plaintiffs' trade secrets.  Specifically, the machines (portioners) that Plaintiffs say have

9   been duplicated by Defendants include a computer that scans and processes information about the size of

10  chicken pieces ("nuggets," "strips," etc.) and constitutes the "brains" of the portioner machine.  Plaintiffs

11  seek information about Defendants' machines to see whether their machines have incorporated Plaintiffs'

12  portioner "brains."  Defendants oppose this request and claim that Plaintiffs merely are attempting to

13  obtain *Defendants'* trade secrets by way of these discovery requests.

14      Federal Rule of Civil Procedure 26(b)(1) provides:

15      Parties may obtain discovery regarding any matter, not privileged, that is relevant to the
        claim or defense of any party, including the existence, description, nature, custody,
16      condition, and location of any books, documents, or other tangible things and the identity
        and location of persons having knowledge of any discoverable matter.  For good cause,
17      the court may order discovery of any matter relevant to the subject matter involved in the
        action.  Relevant information need not be admissible at the trial if the discovery appears
18      reasonably calculated to lead to the discovery of admissible evidence.

19  FED. R. CIV. P. 26(b)(1).  The Court may limit discovery if (1) it is "unreasonably cumulative or

20  duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less

21  expensive"; (2) there has been "ample opportunity by discovery in the action to obtain the information

22  sought"; or (3) "the burden or expense of the proposed discovery outweighs its likely benefit, taking into

23  account the needs of the case, the amount in controversy, the parties' resources, the importance of the

24  issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."  *Id.*

25  R. 26(b)(2).

26  ORDER – 3

1       The Court finds that Plaintiffs' request seeks relevant information that is reasonably calculated to

2  lead to the discovery of admissible evidence.  Whether Defendants' machines incorporate the designs of

3  Plaintiffs' machines is central to this lawsuit.  Plaintiffs must have access to such information.  Further, as

4  to Defendants' trade secret objections, the Court finds that the parties' stipulated Protective Order (Dkt.

5  No. 39), as modified (*see* Order (Dkt. No. 76)) adequately addresses any confidentiality concerns.  The

6  Protective Order provides for an "attorneys'-eyes-only" production that limits disclosure of each party's

7  trade secrets to attorneys and their staff, the Court and court personnel, and independent experts.

8  Apparently, Defendants are concerned with one of Plaintiffs' experts who may access their trade secrets if

9  this production is ordered.  This expert is Andy Rudy, a former employee of Plaintiffs.  In response to

10  Defendants' objection, Plaintiffs have suggested excluding Mr. Rudy from the attorneys'-eyes-only group

11  that normally would have access to such information.  Therefore, Plaintiffs' request for portioner-related

12  documents, software, advertising, and marketing materials is GRANTED with that restriction.

13  Defendants must fully respond to Plaintiffs' Requests for Production Nos. 9, 10, and 13.  Plaintiffs may

14  not allow Mr. Rudy to have access to the information produced pursuant to this Order and must

15  otherwise adhere to the stipulated Protective Order regarding confidential and/or attorneys'-eyes-only

16  information.

17       Plaintiffs' final request in this motion is for leave to conduct more than one Rule 30(b)(6)

18  deposition of PES.  Plaintiffs seek to depose Defendant PES's representative—designated by Defendants

19  as Defendant Edwards—twice in his *official* capacity to ensure that all discovery has been produced as

20  represented by PES.  Defendants oppose this request, arguing that the resulting minimum of three

21  depositions of Mr. Edwards (because he also will be deposed once as an individual) is unduly

22  burdensome.  Because Plaintiffs may depose Mr. Edwards on two separate occasions in any case—once

23  as an individual/defendant and once as a PES representative—the Court finds it unnecessary to allow an

24  additional official-capacity deposition.  Any follow up questions for Mr. Edwards in his capacity as

25  representative of PES may be asked either before or after he is deposed in his capacity as an individual,

26  ORDER – 4

1   on the same date.  Mr. Edwards may put on his "PES hat" or his "individual hat" at the same deposition

2   and testify in both capacities, as long as it is made clear at the time of the examination in *which* capacity

3   he is answering specific questions.  Plaintiffs can meet their own needs by scheduling their depositions of

4   Mr. Edwards to coincide with their need for discovery follow-up questions.  An additional Rule 30(b)(6)

5   deposition is therefore unnecessary and Plaintiffs' request for one is DENIED.

6       **B.  Plaintiffs' Motion for Leave To Take more than Ten Depositions**

7           Plaintiffs seek leave to take more than ten depositions, requesting permission for both sides to

8   take "as many depositions as may be reasonably necessary, subject to an outer limit of not more than 40

9   depositions, plus expert depositions, without further leave of Court."  Defendants oppose these additional

10  depositions, arguing expense and undue burden.  Defendants also filed a Surreply (Dkt. No. 105),

11  objecting to Plaintiffs' Reply materials.  The Court STRIKES all inappropriate Reply materials and again

12  reminds the parties to adhere to the rules regarding the appropriate and allowable scope of evidence

13  submitted in support of and arguments made in court pleadings.  The Court has not considered any

14  unallowable evidence in ruling on this motion.

15          Federal Rule of Civil Procedure 30(a)(2) requires a party to request leave of Court to take more

16  than ten depositions.  The reasonableness of the request is subject to the principles stated in Rule 26(b)(2)

17  (quoted *supra* section II.A).  In light of the numerous witnesses in this case, the expense of deposing out-

18  of-state witnesses, and the course and complexity of discovery in this case, the Court finds that a limited

19  number of additional depositions is justified.  However, the request for 40 depositions is extreme.  The

20  Court finds it more appropriate to limit the total number of non-expert depositions to 30.  Therefore,

21  Plaintiffs may take no more than five depositions beyond the ten already allowed by Rule 30; and

22  Defendants may take no more than five depositions beyond the ten already allowed by Rule 30.

23  Accordingly, Plaintiffs' request for leave to take more than ten depositions is GRANTED IN PART and

24  DENIED IN PART.

25  *//*

26  ORDER – 5

1    **C.  Plaintiffs' Motion To Compel Inspection**

2        Plaintiffs seek an inspection of Defendants' premises to videotape a tour showing: (1) where

3    Defendants' former employees hid drawings allegedly stolen from Plaintiffs (and thus to corroborate

4    testimony about such theft); (2) the type of water jet cutting equipment, intelligent food processing

5    equipment, and other food processing equipment that Defendants have (which goes to whether

6    Defendants' machinery is the result of stolen drawings and plans); and (3) the general scope of

7    Defendants' operations (to support Plaintiffs' argument that Defendants are not really the "little guy" as

8    they claim).

9        Defendants' objections center on the burdens of an inspection and the danger of exposing

10   Defendants' trade secrets, which would allow Plaintiffs access to information that could be used

11   improperly in competition in the marketplace.  Defendants also object to the presence of Darren Wattles

12   and/or Diane Wattles at the inspection because they are former employees whose presence on the PES

13   premises would cause "annoyance, embarrassment, oppression, and undue burden."  Further, Defendants

14   object to the limitless number of "experts" that Plaintiffs may try to bring along on the tour.

15       Federal Rule of Civil Procedure 34(a)(2) allows "entry upon designated land or other property in

16   the possession or control of the party upon whom the request is served for the purpose of inspection and

17   measuring, surveying, photographing, testing, or sampling the property or any designated object or

18   operation thereon, within the scope of Rule 26(b)."  FED. R. CIV. P. 34(a)(2).  The standards and scope

19   of Rule 26(b) are quoted *supra* section II.A.

20       Allowing a Rule 34 inspection must be done with caution.  However, appropriate safeguards and

21   limitations can mitigate the dangers and burdens of inspections, while still allowing parties to discover

22   relevant evidence.  Here, the objectives cited by Plaintiffs are reasonable and it is clear that Plaintiffs seek

23   relevant evidence.  Further, to protect against the dangers and burdens often presented by premises

24   inspections during discovery, Plaintiffs have proposed some limitations, such as: (1) only having one of

25   the objected-to former employees attend (Diane Wattles *or* Darren Wattles); (2) inspection before or

26   ORDER – 6

after normal business hours; (3) allowing Defendants to remove all personnel from the premises beforehand; (4) allowing Defendants to remove all papers and drawings from view beforehand; (5) allowing no opening or inspecting of "drawers, files, closets, or other enclosures," except to show the "crawl space" where the stolen drawings were allegedly hidden; and (6) limiting the machinery inspection to intelligent and/or water jet cutting equipment.  In addition, the parties have a very restrictive protective order already in place that would categorize the inspection as attorneys'-eyes-only and allow only experts to see the trade-secret information.  Finally, Plaintiffs suggest that the inspection be limited to a duration of no more than three hours and that Defendants' counsel attend.  The Court finds that adopting all of the proposed restrictions—including restrictions 1 through 6 enumerated above, the three-hour limit, and the attendance of defense counsel—and ensuring that the inspection retains its "attorneys'-eyes-only" designation are adequate measures to address Defendants' concerns with the inspection.  Therefore, Plaintiffs' motion to compel an inspection of the PES premises is GRANTED, subject to the restrictions and limitations outlined *supra*.

### D.  Defendants' Motion To Compel Discovery

Defendants' original motion sought four categories of discovery: (1) specific identification of the trade secrets that Defendants allegedly stole from Plaintiffs; (2) all documents that support Plaintiffs' breach and fraudulent inducement claims; (3) information about Plaintiff FMC's communication with witness Darren Wattles; and (4) Plaintiffs' profit and loss statements.  In Defendants' Reply materials, they reiterate their requests for specific identification of trade secrets and profit and loss statements (requests 1 and 4); Defendants do not specifically address the request for support of breach and fraudulent inducement claims (request 2), but they do incorporate discussion of fraud into request 1; and Defendants withdraw their request for information about communications with Mr. Wattles (request 3). Accordingly, the Court does not reach request 3 because it has been withdrawn.  Nor does the Court address request 2 apart from request 1.  The Court therefore rules only on requests 1 and 4.

Federal Rule of Civil Procedure 26(b) applies here, as quoted *supra* section II.A.  Because such

ORDER – 7

information is highly relevant and essential to Defendants' ability to defend against this lawsuit, the Court finds that Plaintiffs must identify with particularity the trade secrets that it alleges Defendants stole, though not to the degree needed to *prove* the claims (as if on a motion for summary judgment). Accordingly, Defendants' request for trade-secret identification is GRANTED IN PART.  Further, the Court acknowledges that Plaintiffs' arguments that they have not received enough information to answer this request completely may be well-founded.  The discovery compelled by this Order likely will provide a large part of the information that Plaintiffs claimed they lacked when responding to Defendants' motion to compel.  Therefore, Plaintiffs are ORDERED to identify with particularity the trade secrets that they claim have been stolen *and* to appropriately supplement such identification as discovery in this matter continues.  Such identification should be responsive to the relevant Interrogatories and Requests for Production cited in the briefing on this issue, but does not need to rise to the summary judgment standard of proof.  Further, trade-secret or other similar information shall be subject to the attorneys'-eyes-only protective order discussed *supra* sections II.A and II.C, in accordance with the parties' stipulation regarding such information.  Again, the parties are reminded to adhere to the dictates of Rules 26(g) and 37(c) in producing discovery.

As to Defendants' requests for FMC's profit and loss records, the Court finds that this information is relevant and discoverable.  Accordingly, Defendants' request for such information is GRANTED.  Plaintiffs must produce the information requested by Defendants' Interrogatory No. 6 (and, to the extent available but not already produced, any information responsive to Interrogatory Nos. 7, 8, and 9).

## III.  CONCLUSION

For the reasons set forth above:

(1) Plaintiffs' Motion to Compel (Dkt. No. 68) is GRANTED IN PART and DENIED IN PART for the reasons set forth in section II.A of this Order and under the conditions described therein;

(2) Plaintiffs' Motion for Leave To Take more than Ten Depositions (Dkt. No. 88) is GRANTED

ORDER – 8

IN PART and DENIED IN PART for the reasons set forth in section II.B of this Order and under the conditions described therein;

(3) Plaintiffs' Motion To Compel Inspection (Dkt. No. 85) is GRANTED for the reasons set forth in section II.C of this Order and under the conditions described therein; and

(4) Defendants' Motion to Compel Discovery (Dkt. No. 106) is GRANTED IN PART for the reasons set forth in section II.D of this Order and under the conditions described therein.

SO ORDERED this 20th day of March, 2006.

John C. Coughenour

United States District Judge

ORDER – 9