UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FMC TECHNOLOGIES, INC., and FMC FOODTECH, INC., successors-in-interest to DESIGN SYSTEMS, INC. and STEIN, INC., d/b/a STEIN-DSI, <br><br> Plaintiffs, <br><br> v. <br><br> JAMES EDWARDS and PROCESSING EQUIPMENT SOLUTIONS, INC., <br><br> Defendants. | CASE NO. C05-946C <br><br> ORDER |

This matter comes before the Court on (1) Darren Wattles's Motion for Leave to Intervene and To Limit Communication Between Counsel (Dkt. No. 152), Defendants' Opposition thereto (Dkt. No. 162), and Darren Wattles's Reply (Dkt. No. 164); and (2) Darren Wattles's Motion to Quash Subpoena Directed to Records Custodian of Cascade Design, Inc. (Dkt. No. 177), Defendants' Opposition thereto and Cross-Motion to Compel the same (Dkt. No. 182), and Darren Wattles's Reply (Dkt. No. 187). Having considered the papers submitted by the parties and finding oral argument unnecessary, the Court finds and rules as follows.

//

ORDER – 1

## I. BACKGROUND

Plaintiffs originally filed suit against Defendant Edwards and another individual, Darren Wattles, the founders of Defendant Processing Equipment Solutions, Inc., in King County Superior Court ("FMC I") for, *inter alia*, misappropriation of trade secrets. This claim was based on an allegation that these defendants stole comprehensive drawings of Plaintiffs' portioner parts. However, when the FMC I defendants swore under oath that they did not have any of Plaintiffs' drawings and failed to produce any drawings during discovery, the parties chose to settle the state court suit. Apparently experiencing a change of heart, FMC I defendant Darren Wattles later approached FMC and disclosed that he had, in fact, downloaded the drawings at issue and delivered them to James Edwards. In light of this new information, Plaintiffs brought suit again, this time in federal court, invoking diversity jurisdiction. (*See* First Amended Complaint (Dkt. No. 19).)

In the instant suit, Plaintiffs have sued James Edwards and PES. Darren Wattles is a witness, not a party. He now is aligned with Plaintiffs, not Defendants. On March 13, 2006, this Court granted Plaintiffs' Motion to Disqualify Defendants' Counsel Newman & Newman, finding side-switching ethical violations due to Newman & Newman's former representation of Darren Wattles. (Order (Dkt. No. 113).) On May 30, 2006, the Court granted Defendants' Motion for Work Product Turnover and ordered Newman & Newman to turn over all work product to Defendants' new counsel Yarmuth Wilsdon Calfo PLLC. (Minute Order (Dkt. No. 144).) Darren Wattles now moves to limit "communication" between Newman & Newman and Yarmuth Wilsdon Calfo and to quash a subpoena directed by Defendants to the records custodian of his former employer Cascade Design, Inc. Defendants cross-move to compel compliance with that subpoena.

## II. ANALYSIS

### A.  Motion to Limit Communication Between Counsel

Darren Wattles has attempted to raise an issue already resolved by this Court. This Court's prior orders regarding disqualification of Newman & Newman and work product turnover—dated March 13,

ORDER – 2

2006 and May 30, 2006—collectively outline the obligations of the legal counsel now involved and previously involved in this matter. The Court declines to revisit this thoroughly analyzed issue yet again, except to remind all counsel that the Washington Rules of Professional Conduct apply today with the same force as they did last March and last May. To dispel any doubt, however, in addition to the pronouncements already included in prior orders, the Court now notes that the restrictions voluntarily proposed by Yarmuth Wilsdon Calfo are appropriate and reasonable limitations on that firm's communication with Newman & Newman. These restrictions are discussed in Defendants' motion papers (Defs.' Opp'n 4), as well as exhibits to Darren Wattles's Motion (Mot., Adolph Decl. Ex. 4), and include commitments that (1) Yarmuth Wilsdon Calfo will not seek from Newman & Newman, and Newman & Newman will not provide, any strategic advice regarding this litigation; (2) Newman & Newman will not play an ongoing advocacy role in this litigation; (3) no secrets or confidences gained by Newman & Newman via its representation of Darren Wattles will be communicated or conveyed to Yarmuth Wilsdon Calfo; and (4) Newman & Newman will not advise Yarmuth Wilsdon Calfo about how to cross-examine Darren Wattles. The Court finds these voluntary measures entirely consistent with the ethical obligations and potential problems discussed in its prior orders. The Court fully expects counsel to abide by these proposals and to avoid all unnecessary communications with Newman & Newman; the Court also expects, as it always has, adherence to the Washington Rules of Professional Conduct and prior orders of this Court. Darren Wattles's motion is DENIED to the extent that it seeks anything further.

        **B.**      **Motion to Quash and Cross-Motion to Compel**

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." FED. R. CIV. P. 26(b)(1). Upon a timely motion, Federal Rule of Civil Procedure 45(c)(3) requires the Court to quash or modify a subpoena if, among other things, the subpoena "requires disclosure of privileged or other protected matter and no exception or waiver applies," FED. R. CIV. P. 45(c)(3)(A)(iii), "subjects a person to undue burden," FED. R. CIV. P. 45(c)(3)(A)(iv), or "requires disclosure of a trade secret or other confidential research, development or commercial information," FED.

ORDER – 3

R. CIV. P. 45(c)(3)(B)(I). Darren Wattles has moved for an order quashing a subpoena directed to the records custodian of Cascade Design, Inc., which is one of his former employers.

Alternatively, an entity or person commanded to produce information by subpoena may object to the production and then the subpoenaing party may thereafter move for an order compelling the production. FED. R. CIV. P. 45(c)(2)(B). Defendants have made such a motion here, as part of their response to Darren Wattles's motion to quash, based on Cascade Design, Inc.'s stated objections to compliance with the subpoena.

The subpoena at issue here seeks from Cascade Design, Inc. all documents "mentioning, referring, or relating to your employment of Darren Wattles" and all documents "mentioning, referring, or relating to communications between you and any employee or agent of FMC regarding the employment of Darren Wattles." (Mot., Adolph Decl. Ex. 1 (Subpoena).)   The Court finds that the information sought is relevant because Darren Wattles's credibility, job history, professional associations, and potential biases are central to the instant lawsuit. The Court therefore moves on to the question of whether any privacy, privilege, undue burden, or trade secret considerations should prevent discovery of this relevant information, within the meaning of Rule 45(c)(3).

Darren Wattles has made no argument that any evidentiary privilege applies. Nor has he asserted a statutory privilege. His assertion of privilege boils down to an argument that the information sought from his former employer implicates his privacy. While the Rules do permit parties to be excused from certain discovery on the basis of "annoyance, embarrassment, oppression, or undue burden or expense," there is no generic "privacy" privilege. FED. R. CIV. P. 26(c). The Court agrees that the information sought is private, but because it is relevant and because the produced information may be designated as "confidential," (*see* Protective Order and Modification (Dkt. Nos. 39. 76).), any privacy-related burden on Darren Wattles is outweighed by the relevance of the information sought and is sufficiently mitigated by the ability of this Court to impose restrictions on the use of the information produced. Accordingly, the Court is unpersuaded by Darren Wattles's privacy argument. Any information produced in response

ORDER – 4

to the subpoena at issue here shall be designated "confidential" under the terms of the parties' Protective Order.

The only other basis on which Darren Wattles objects to the subpoena directed at his former employer is a conclusory allegation that his personnel file maintained by his former employer "would require the disclosure of a trade secret, confidential research, development, and/or commercial information that is in those files." First, Darren Wattles has no standing to make such an objection, because any trade secrets would be those of Cascade Design, Inc., not Darren Wattles. *See, e.g.*, *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003) (assertion of *personal* right or privilege is singular exception to rule that the only party who may object to subpoena duces tecum is party to which subpoena is directed). Second, the form of Darren Wattles's trade secret allegation is too vague to prevent discovery in any event. Accordingly, the Court will not quash the subpoena on the basis of trade secret protection as asserted by Darren Wattles.

Darren Wattles's Motion to Quash the subpoena directed at his former employer Cascade Design, Inc. is DENIED. Further, because this ruling may sufficiently answer any and all questions that Cascade Design, Inc. had with respect to complying with the subpoena—as Defendants' briefing suggests (Defs.' Opp'n 5, 8)—Defendants' Cross-Motion to Compel is STRICKEN. Should Cascade Design, Inc. continue to object to compliance, Defendants may file a motion to compel pursuant to Rule 45(c)(2)(B) at that time. The Court will address any of Cascade Design, Inc.'s own objections if such a motion remains necessary.

//

//

//

//

//

//

ORDER – 5

### III. CONCLUSION

Darren Wattles's Motion to Limit Communication is DENIED in accordance with the terms set forth in Part II.A of this Order; Darren Wattles's Motion to Quash is DENIED in its entirety for the reasons set forth in Part II.B of this Order; and Defendants' Cross-Motion to Compel is STRICKEN without prejudice with leave to refile if necessary.

SO ORDERED this 20th day of October, 2006.

*/s/ John C. Coughenour*
John C. Coughenour
United States District Judge

ORDER – 6