UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FMC TECHNOLOGIES, INC., and FMC FOODTECH, INC., successors-in-interest to DESIGN SYSTEMS, INC. and STEIN, INC., d/b/a STEIN-DSI,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES EDWARDS and PROCESSING EQUIPMENT SOLUTIONS, INC.,<br><br>Defendants. | CASE NO. C05-946C<br><br>ORDER |

This matter comes before the Court on Plaintiffs' Motion for Leave To File Fourth Amended Complaint (Dkt. No. 166),[1] Defendants' Opposition (Dkt. No. 167) and Request for Consideration of Late-Filed Opposition (Dkt. No. 171), and Plaintiffs' Reply (Dkt. No. 170).

Finding no prejudice to Plaintiffs in so doing, the Court GRANTS Defendants' request that the Court consider their late-filed opposition to the instant motion. Accordingly, the Court has considered all

---

[1] This motion originally was filed as SEALED and subsequently was replaced by an unsealed motion (Dkt. No. 199) pursuant to this Court's instruction.

ORDER – 1

papers filed regarding this motion in reaching the instant ruling. Finding oral argument unnecessary, the Court finds and rules as follows.

## I. BACKGROUND AND FACTS

As explained in multiple prior Orders of this Court (Dkt. Nos. 7, 42, 109, 113, 188, 197), the instant suit seeks relief for the alleged fraudulent inducement of the settlement of an earlier state court trade-secret lawsuit ("FMC I") as well as breach of that settlement. Plaintiffs originally filed their Complaint in May 2005 (Dkt. No. 1), and this Court recently granted Plaintiffs' motion to file a Third Amended Complaint (*see* Order (Dkt. No. 197)). Plaintiffs now seek leave to file a Fourth Amended Complaint, which would be the fifth filed in this litigation. Plaintiffs' proposed amendment would add a federal statutory claim for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"), which, *inter alia*, makes it illegal to access, obtain, or transmit without authorization information from a "protected computer." CFAA is a criminal statute that provides a private right of action. *Id.* § 1030(g). Plaintiffs' proposed amendment would also correct an omission in the prayer for relief in the Third Amended Complaint.[2]

In addition to facts recited in prior Orders, the following additional facts are germane to whether this Court should allow Plaintiffs to add a CFAA claim to this lawsuit. In 2001, FMC I defendants James Edwards, Darren Wattles, and another former FMC employee quit working at FMC and opened Defendant PES as a business. Later in 2001, FMC sued Mr. Edwards and Mr. Wattles for misappropriation of trade secrets. During the FMC I litigation, in late 2001 or early 2002, FMC performed a forensic analysis of the computer Darren Wattles used while he worked at FMC. It is clear that the results of this analysis were known to FMC by the time they were used in the deposition of James

---

[2] This latter request is a purely technical one governed by this Court's November 27, 2006 Order (Dkt. No. 197) granting Plaintiffs' motion for summary judgment and allowing the Third Amended Complaint to be filed. Because the Court has already granted the declaratory relief sought by Plaintiffs' third cause of action and allowed the Third Amended Complaint to reflect that claim, this request to formally add the prayer for relief to the Third Amended Complaint will be granted as well.

ORDER – 2

Edwards on March 4, 2002. (*See* Defs.' Opp'n, Wilkinson Decl. 15.) In that deposition, FMC's counsel suggested to Mr. Edwards that the analysis showed that on July 10, 2001, Mr. Wattles had downloaded proprietary design drawings from FMC's network to his computer hard drive and then deleted those drawings. FMC claims that Mr. Wattles transferred those files to a zip drive before deleting them. Testimony to this effect was given, for example, on May 29, 2002 by FMC managing engineer Andy Rudy. (*Id.* at 7, 9.) FMC attorneys also stated in March of 2003 that FMC believed that Mr. Wattles had copied drawings and downloaded them from his computer days before he resigned. (*Id.* at 10–11.) Throughout FMC I, Mr. Wattles maintained the position that he had not downloaded proprietary information.

The FMC I litigation settled in 2003. However, Darren Wattles apparently confessed in March of 2005 that he had, in fact, downloaded drawings and that he and others had engaged in other dishonest conduct as part of the FMC I litigation. As a result, the instant lawsuit commenced with FMC's filing of its Complaint on May 25, 2005. Discovery and vigorous motions practice have been ongoing in this litigation. According to Plaintiffs, they only discovered a check in July 2006 that prompted them to seek to add the CFAA claim requested here, filing the instant motion in August 2006. The check—"dramatic new written evidence" as Plaintiffs characterize it (Pls.' Mot. 2)—allegedly proves that the suspected download did occur. The check is drawn on Defendant PES's bank account, written to Darren Wattles, and signed by Defendant Edwards. On the memo line is written "Zip Drive Expense Reimb." The check is dated July 9, 2001, one day prior to the alleged download. (Pls.' Mot. Ex. C.)

At issue on the instant motion is whether Plaintiffs' proposed amendment would run afoul of CFAA's two-year statute of limitations, 18 U.S.C. § 1030(g), or otherwise run counter to the standards governing pleading amendments.

II.  ANALYSIS

After the initial pleading amendment period provided by the Federal Rules, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be

ORDER – 3

freely given when justice so requires." FED. R. CIV. P. 15(a). The United States Supreme Court has delineated the factors that a district court should consider, as follows.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Denial of leave to amend requires stated justification by the district court. *Id.*

The underlying purpose of Rule 15 is to "'facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). This purpose must guide the Court in determining whether to grant leave to amend. *Id.* While Rule 15 must be applied with "extreme liberality," *id.* (citations omitted), there are limits to this command. In accordance with *Foman*, "[f]our factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs*, 833 F.2d at 186. Delay *alone* is insufficient to justify denying leave to amend. *Id.*; *Howey v. United States*, 481 F.2d 1187, 1190–91 (9th Cir. 1973). However, when combined with any of the other three factors, delay may contribute to denial of leave to amend. *See DCD Programs*, 833 F.2d at 186. Of the four factors, prejudice is the most important. *Howey*, 481 F.2d at 1190. Yet, futility alone may justify denial of leave to amend. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2003). Moreover, this Court's discretion over allowing amendments increases with the number of amendments previously allowed. *DCD Programs*, 833 F.2d at 186 n.3; *see also Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1995); *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980). Finally, in the Ninth Circuit, "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party

ORDER – 4

seeking amendment since the inception of the cause of action." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986); *see also Kaplan*, 49 F.3d at 1370.

To state the cause of action for violation of CFAA that Plaintiffs now seek to add to this lawsuit, they must allege that Defendants or their agents: (1) intentionally accessed a "protected computer" (as defined in 18 U.S.C. § 1030(e)) without authorization, or exceeded authorized access, and thereby obtained information using conduct involving an interstate or foreign communication, 18 U.S.C. § 1030(a)(2)(C); or (2) knowingly and with intent to defraud accessed a "protected computer" without authorization or exceeded authorized access, and by means of such conduct furthered the intended fraud and obtained information of value that exceeds $5,000 during any one-year period, *id.* § 1030(a)(4); or (3) knowingly caused the transmission of a program, information, code, or command, and as a result of such conduct, caused damage without authorization to a "protected computer," *id.* § 1030(a)(5)(A)(i)–(iii), or caused more than a $5,000 loss to a person during any one-year period, *id.* § 1030(a)(5)(B)(i).

In assessing the possible addition of such claims, the Court begins with the undisputed and undisputable fact that the alleged download was suspected, investigated, discussed, and litigated in 2001, 2002, and 2003. Thus, not only have Plaintiffs known about facts supporting their newly asserted theory under CFAA since the instant lawsuit began in 2005, they have known about them since the FMC I litigation was early in its discovery phase. As noted *supra*, the forensic analysis of Mr. Wattles's computer occurred in late 2001 or early 2002. Such analysis was discussed in specific terms at the March 4, 2002 deposition of Defendant Edwards when Plaintiffs' counsel suggested that Mr. Wattles downloaded proprietary information from FMC's network. Also in 2002, witnesses testified that this alleged download was accomplished via transfer to a zip drive. Moreover, through 2002 and 2003, FMC attorneys alleged that Mr. Wattles downloaded proprietary information. If proven, the alleged downloads would have violated various provisions of CFAA because they would have involved accessing "protected

ORDER – 5

computers" via password, would have been without authorization or in excess of authorized authority, and would have caused the loss of proprietary information worth over $5,000.

Thus, while Plaintiffs may not have had proof enough for a jury in 2001 or 2002 or 2003, they certainly had sufficient notice of the potential validity of a CFAA cause of action to simply plead it under the liberal pleading standards of the Federal Rules. Darren Wattles's 2005 confession and the 2006 discovery of the zip drive check were not the instigators of this notice. Rather, the Court finds Plaintiffs' enthusiastic reliance on the check unpersuasive and off point. Plaintiffs make no effort to explain why it took them so many years to mention CFAA during the course of litigating two different lawsuits. Further, even if the Court disregards just the check and considers as sound Plaintiffs' contention that Darren Wattles's confession in March 2005 was the proper tip-off to their notice of a possible CFAA claim, they have completely failed to explain why it took 18 months more to simply plead this cause of action in the instant litigation. Rather than a legitimate revelation due to a newly discovered "smoking" check or even a confession, the instant request sounds more like a belated attempt to add a cause of action previously overlooked. To allow its addition at this late stage would condone Plaintiffs' inexplicable delay and seeming bad faith. Moreover, the disfavor noted in *Acri* for late additions of new theories supported by old facts is enhanced in the instant case by the protracted litigation between the parties over more than five years.

Plaintiffs' proposed amendment would be futile as well. The statute of limitations under CFAA is two years. 18 U.S.C. § 1030(g). Specifically, a CFAA action must be brought "within 2 years of the date of the act complained of or the date of the discovery of the damage." *Id.* If this Court were to allow an amendment, the effective date of added claims would relate back to the date the instant case was filed. FED. R. CIV. P. 15(c). The futility inquiry, then, centers on whether the statute of limitations had run by March 25, 2005 when the Complaint in this action was filed. As the Court has already noted, the facts suspected, investigated, discussed, and litigated in FMC I were sufficient to prompt FMC's lawyers to plead a CFAA cause of action during that lawsuit. Specifically, the 2001 or 2002 forensic analysis, the

ORDER – 6

2002 depositions and discovery, and the March 2003 letter from FMC's counsel all indicate that Plaintiffs were on notice of facts supporting CFAA claims. Even using the latest of these dates—March 2003—to calculate the statute of limitations period, such period had expired by the time this litigation began. Two years from March 2003 is March 2005, and this action commenced on May 25, 2005. Plaintiffs missed their opportunity to have this claim litigated by years and are not entitled to a second bite at the apple.

Not only is the proposed amendment extremely late and futile, it would be highly prejudicial as well. Plaintiffs have gone to great lengths to point out—and this Court has found—that the instant lawsuit is not really about the original trade secret theft, but rather is about subsequent fraud alleged to have occurred during the course of FMC I. Plaintiffs' proposed CFAA cause of action flows from the same facts and chain of events alleged in FMC I. Plaintiffs' present request that this Court allow them to add a cause of action based on the original downloading of proprietary material is entirely at odds with Plaintiffs' position throughout the instant litigation that they were fraudulently induced to settle the trade secret suit as a subsequent and separate wrong. The downloading allegedly prohibited by CFAA is the basis of the original trade secret case.

In this lawsuit, Plaintiffs have pled alternative causes of action, seeking either (1) to have the settlement of FMC I affirmed, with relief for fraud, conversion, unjust enrichment, and breach or (2) to have the settlement totally rescinded due to fraud, with relief based on the original FMC I trade secret causes of action. Even if Plaintiffs succeed in establishing fraud and that the appropriate remedy is reinstatement of their original pre-settlement trade secret claims, the Court would not be required to allow Plaintiffs to add claims that should have been, but were not, pled in FMC I. To retroactively allow new claims that were not pled in FMC I would expand, *ex post*, the scope of FMC I. Alternatively, if Plaintiffs prove fraud and win reinstatement of their original causes of action in the trade secret case, this Court's job is not to redefine that old lawsuit, but rather to allow a method to return to the status quo *ante* for the purpose of remedying a settlement induced by fraud. Plaintiffs' instant request to plead entirely new claims that were not settled because they were not part of FMC I is therefore improper.

ORDER – 7

Moreover, allowing the addition of these claims could allow Plaintiffs to recover beyond the scope of their original damages. If Plaintiffs can prove that they are entitled to have FMC I claims reinstated, adding CFAA claims thereto would do more than make Plaintiffs whole because lost damages under CFAA could not have been the source of any part of Plaintiffs' currently alleged damages. This path—in this lawsuit for fraudulent inducement of settlement—could subject Defendants to liability for claims that were never brought and never settled. Such would be highly prejudicial to Defendants, as well as outside the scope of the instant litigation.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File Fourth Amended Complaint is DENIED in PART and GRANTED in PART. Plaintiffs may not file their proposed Fourth Amended Complaint to add a CFAA cause of action to the instant lawsuit. However, Plaintiffs are granted leave to file a Revised Third Amended Complaint to conform the prayer for relief to the declaratory relief previously granted as to the litigation privilege defense. Plaintiffs must post their Revised Third Amended Complaint on the Court's electronic docket within 3 days of the date of this Order.

SO ORDERED this 5th day of December, 2006.

John C. Coughenour
United States District Judge

ORDER – 8