UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FMC TECHNOLOGIES, INC., and FMC FOODTECH, INC., successors-in-interest to DESIGN SYSTEMS, INC. and STEIN, INC., d/b/a STEIN-DSI,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES EDWARDS and PROCESSING EQUIPMENT SOLUTIONS, INC.,<br><br>Defendants. | CASE NO. C05-946C<br><br>ORDER |

This matter comes before the Court on the parties' Local Civil Rule 37 Joint Submission (Dkt. No. 172) and the supporting documents filed therewith. Plaintiffs seek discovery from Defendants as to nine separate categories of information, all of which relate to Defendants' "reverse engineering" of portioner parts.

**1.  Request for Admission No. 2,
    Request for Production No. 31, and
    Request for Production No. 32**

In Request for Admission No. 2 and Requests for Production Nos. 31 and 32, Plaintiffs seek an admission that Defendants have no document to support a claim that they went on "reverse engineering"

ORDER – 1

trips. If denied, the related requests for production seek such supporting documents, including correspondence, phone records, receipts for airfare, rental cars, gas, motels, and meals, records of long distance calls, expense reports, and tax deductions. Defendants have denied the admission request and claim that they have produced all such documents and have done so at the option provided to them under Federal Rule of Civil Procedure 34(b), which allows them to organize the material according to Plaintiffs' categories *or* to produce them as they are kept in the usual course of business. FED. R. CIV. P. 34(b). The Court agrees that the method by which Defendants have provided the requested documents is allowable and proper. Plaintiffs have offered no evidence that Defendants have produced the information requested in "no apparent order" or that Defendants have "utilized a system of record-keeping which conceals rather than discloses relevant records." Rather, Plaintiffs' complaint is about the volume of documents produced. Because there is no prohibition on producing a large quantity of documents and Plaintiffs have made no showing that Defendants have gone beyond production of business records as they are usually kept and no showing that irrelevant documents were produced to muddy the disclosures, Plaintiffs' motion as to these requests is DENIED. Defendants are not required to reorganize their production.

**2. Interrogatory No. 1,**
**Request for Admission No. 3,**
**Interrogatory No. 2,**
**Request for Admission No. 4,**
**Request for Production No. 34, and**
**Request for Production No. 33**

In Interrogatories Nos. 1 and 2, Requests for Admission Nos. 3 and 4, and Requests for Production Nos. 33 and 34, Plaintiffs seek information about people who prepared the "reverse engineering" drawings and dates when the visits to plants were made. Plaintiffs also seek information about which customers of Defendants were involved and which exact parts were examined. Defendants have identified their customers and the employees involved in the visits and produced the resultant drawings. Defendants have not identified dates, however, arguing that the visits were so frequent and

ORDER – 2

informal that they cannot provide any further detail. Plaintiffs properly point out that personal calendars, expense reports kept by employees, mileage records, tax records, notes, and sketches likely exist at least as to some of these visits—all of which should have been produced as documents "related" to the visits—as do personal memories of specific dates. The Court agrees that Defendants should make another attempt at providing details that will allow Plaintiffs to search Defendants' documents, produced as they are kept in the usual course of business, and identify documents related to the "reverse engineering" trips. Accordingly, Plaintiffs' motion with respect to these requests is GRANTED IN PART and DENIED IN PART. Defendants must supplement their responses and provide the specific information to the extent that they can gather it. Defendants must also say so in cases where the requested documentation is believed not to exist. However, as ordered *supra*, Defendants do not have to reorganize the documents produced. The Court expects a good faith effort at giving Plaintiffs further details that will aid them in their review of the documents already produced. The Court also notes that Rule 33 requires a "specification" of relevant documents "in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." FED. R. CIV. P. 33(d). Thus, to the fullest extent that Defendants can give Plaintiffs the details they seek, they must do so.

    **3.    Request for Production No. 35,**
           **Request for Production No. 46,**
           **Request for Production No. 48, and**
           **Request for Production No. 49**

Requests for Production Nos. 35, 46, 48, and 49 are Plaintiffs requests for phone records, business expense reports and reimbursements related to "reverse engineering" trips, as well as "reverse engineering" drawings of parts produced by companies *other than Plaintiffs* and documents related to these "reverse engineering" efforts. Plaintiffs' motions as to these requests are GRANTED IN PART and DENIED IN PART, as follows.

ORDER – 3

1    Defendants' objection to the phone records request is well-taken.  Indeed it is unlikely that
2 Defendants can identify which calls are relevant where no locations are provided in the records.
3 However, by identifying dates as required *supra* section 2, Defendants may be able to provide more
4 specific information in aid of Plaintiffs' review of phone records already produced.  Therefore, Plaintiffs'
5 motion is GRANTED IN PART and DENIED IN PART.  Defendants' production of phone records is
6 sufficient, but, as ordered *supra*, Defendants must take another look at their own records and employees'
7 records and identify dates that likely involve "reverse engineering" phone calls to the fullest extent
8 possible.

9    Defendants' objection to the business expense reports is less persuasive.  Plaintiffs have only
10 identified a handful of individuals and asked for "any other" person who might have a relevant expense
11 report.  Perhaps Defendants' review of expense reports for these individuals will jar memories and in turn
12 provide the dates that Plaintiffs have requested—and that the Court has ordered—*supra* section 2.  The
13 Court finds Plaintiffs' request with respect to expense reports reasonable and the motion as to expense
14 reports is GRANTED.  Defendants must identify relevant expense reports already produced or produce
15 them now.

16    As to the drawings, Plaintiffs seek to have Defendants identify *which* "reverse engineering"
17 drawings correspond with *which* original producers of those parts.  Defendants' "usual course of
18 business" production is inadequate here.  Plaintiffs' motion as to this request is GRANTED.  Defendants
19 must identify which companies' parts are the subjects of the drawings produced to the fullest extent
20 possible.

21    Finally, as to all documents that "relate to" drawings of parts that originally were made by
22 companies *other than Plaintiffs*, the Court finds the approach described *supra* with respect to "reverse
23 engineering" trips focused on parts produced by Plaintiffs appropriate.  Therefore, the motion is
24 GRANTED IN PART and DENIED IN PART as to this information.  Defendants must identify dates
25 and parties involved in these trips to the fullest extent possible and must review expense reports and the
26 ORDER – 4

types of documents discussed *supra* section 2 in reevaluating the information produced about such trips. However, Defendants are not required to reorganize all documents produced as they are kept in the usual course of business.

SO ORDERED this 12th day of December, 2006.

John C. Coughenour
United States District Judge

ORDER – 5